or arguments not to exceed 15 minutes per side. Mr. Benton Martin for the appellant. Good morning your honor. Smith please the court. Benton Martin on behalf of Carl George I'd like to save three minutes of my time. The district court erred here in denying Carl George's request for a sentencing reduction under 3582 by ignoring that his plea agreement explicitly used a guideline range from the drug guidelines that have now been reduced. The parties agree that the controlling law in this case comes from Justice Sotomayor's concurrence in the Freeman decision which requires a focus on the content of a written plea agreement. Justice Sotomayor concluded that a sentencing range is evident from a plea agreement when the agreement explicitly references a guideline range. I thought the test was expressly based. Well she would I'd say there are multiple ways that she formulated the test in the concurrence. Sometimes there's usually it uses the word expressly or explicitly but there's used, there's employed, there's based. It was the one I was more focused on as opposed to reference. I mean there's a difference between referencing something and basing a decision on something. Yes. I mean basing would seem to be a higher I mean require a greater showing. Is that fair? Yes I I think that the way that her concurrence is that you're looking at the basing is the language that's used in 3582 and so the whole question in that concurrence is when can it be based and so then she basically imputed these other words these expressly employed, these used and said that that is enough to make something based. I'd note there's no circuit court decisions that I'm aware of after Freeman where a plea agreement explicitly includes a precise guideline range from 2d 1.1 and yet the court found a defendant ineligible for a reduction. I know there's a second. Is it your position that any time the plea agreement references the defendants guidelines range that the sentence notwithstanding anything else in the agreement is expressly based on the guideline range? I guess we're talking about 11 1 C or C 1 C's. Right yes save for I could I would make an exception if it was made explicit that that wasn't the party's intent that it be based on that range even though it's included and one of the things that Justice Sotomayor explained is that when you just put when you put a guideline into a plea agreement it demonstrates an intent that of the parties that the defendant would be able to take advantage of a later sentencing reduction. Why else put in there did that there is a specific plea agreement and here it's not just there's one the agreed guideline range that is discussed and that's just like this court's decision in Garrett. They found that enough to have it be based on a the plea agreement says the court must consider that range in the this plea agreement and then third as in Smith that they also have detailed worksheets setting out that this was based on the drug guideline and Justice Sotomayor explained that if it was the party's intent this is a long way to answer your question but if the part if it was a party's intent that the defendant not be eligible for later reductions in a sense if they if it was their intent that it be said that it was not based on the drug guideline and they could secure a waiver of the rights under 3582 C and that does happen sometimes so there are ways I think the government if it wasn't their intent for it to be based on a guideline range could make that clear in a plea agreement and that wasn't done here. I mean is that what Justice Sotomayor says that the government it's not that the sentence has to be expressly based on the range it's that the government must disavow that it's based on the range is that really de facto the test we're applying? She says that that that would be an option if they wanted to make it clear. But okay but is that it seems to me that's what you're saying is the test we should apply if the government if there's a recitation of guidelines range and the then it is expressly based on the range. Yes I agree with that. And where do you get the disavow idea from though? I don't think it has to be that was for an example I think if if that is included in the plea agreement then the only if the guideline range to be clear. What I mean but what if as here the operative provision cites you know it says 120 months and then says that's the statutory maximum. I mean doesn't that support instead an inference that it's based on the statutory maximum not on the guidelines range? No I don't think so. I mean it is true that that was the statutory maximum. Mm-hmm. He got an enormous enormous benefit from this. Correct. Something like 200 months in prison he saved right? Right correct. So you I mean is that something that we should take into account here? Based on the concurrence in Freeman no. Is that diving into the negotiating history is something that's improper. That's just a fact isn't it? I mean right I think it's a fact about the negotiating history though. Yeah okay that's fair. And she wouldn't wouldn't another way to answer that be that even if we agree with you and send it back the district court can take that into account deciding in its discretion whether the three five five three factors indicate a different sentence. Right 100% and if that's what the judge had done we wouldn't be here. Well I understand that. Yeah that's that I think that that's the appropriate resolution. If he if he was given a great break you know I mean the judge can can rely on that in denying any further reduction. I 100% agree. And I think and that's actually noted again that's another thing that Justice Sotomayor discusses in her concurrence. She says really the appropriate avenue if you're looking at these facts that someone got this a terrific break is not to find them ineligible for a reduction at all but for the district court to say no you got a fantastic break. I'm not giving you any sentencing reduction because of that. And that would be sort of just elides the whole question of eligibility and let's just see what the court wants to do. You know I mean the issue before us is eligibility. Right. Not should the court do it but may the court consider it. I mean it's a final judgment. Normally we leave those things alone. You know the government has an interest in a criminal case in the final judgment. Supreme Court's been very clear we have to respect those things. And I mean you're just you're just taking a very broad view of expressly based. If they mention it and the government doesn't disavow it then it is expressly based. And I'm not sure if the English language really works that way that it's expressly based even if they don't say expressly it is based on this. Right. I mean I think there are reasonable arguments both ways on that. And I think it's all answered. It all comes back to how Justice Sotomayor defined. Even under this you know holy writ of her concurrence in that case. I mean if she said expressly based. Anyway well I don't want to belabor it so I'll rely. I would note that it's not just disavowing. There's also many decisions and they're cited in the government's brief where there's no guideline range. Where there's 11C. I mean that's very common practice as well is to do 11C agreements with no guideline range at all. And that would make very clear. And they could have done that here. Just say 120. And they didn't do that. They put the guideline range. Not only that they put a drug quantity in there. They tied the drug quantity to the 2D 1.1. All of those I think especially giving that idea that it evinces an intent that somebody would be able to take advantage of a later drug reduction. That reasoning is right there in her concurrence. If there's no further questions I'll save the rest for Robyn. Good morning and may it please the court. Shane Crawley for the United States. This court has not had a post-Freeman case in a situation like this. Most of them have fallen into two buckets. One in which there's no reference to in which the court can discern the guidelines range. And so the answer there is very easy. And then the other in which you can discern the guidelines range but there's nothing else that's relied upon such as this. This is the first case where I've seen where there is some sort of perhaps not as clear as an affirmative disclaimer or disavow of the parties made very clear what the intent was. And that was in paragraph 3A on page 3 of the plea agreement. It states that Mr. George will not be sentenced to a period of no less than 120 months the statutory maximum. Right. I mean you could read that different ways though. I mean you could read the reference to the statutory maximum simply to be a recitation of you know of the fact that it is the same thing but not that there's a causal relationship there. I mean there's no the word because or any synonym isn't there. So why should we and I guess we have to construe these things against the government right? Unfortunately you do your honor. Unfortunately for you. Yeah unfortunately for me. So I mean the government could have put those words there. The government could have omitted reference to the guidelines range. I mean why should we just try to bail you out of that? Well your honor I think you're quite right that there are lots of things the government could have done. I would note not that this excuses it but this was 2009. This well predates Freeman as well as any sort of inference that this could happen. I think it is very clear from the plea agreement what the parties were doing. This is a classic charge bargaining where a substantial benefit was given to Mr. George where he avoided five years mandatory minimum. Did I assume that all of that is true but give you the hypothetical that all of that is true all the statements everything except these words were not in this agreement. The words I don't have them in front of me where it just says the statutory maximum minimum maximum right? I'm not sure I follow your question your honor. The plea agreement says 120 months comma this which is the statutory maximum or something like that. That's right it does. That's the only as I understand it that's the only distinction you have from the George case. From the Smith case. All these names are they're quite confusing. Smith case I'm sorry. Your honor. Tell me what case I'm thinking about and we'll be all set. Absolutely your honor. I think that is the primary distinction if it wasn't for that we would have conceived. If it wasn't for that even though the Smith case may have been ill-advised if looked through the through the perspective that Judge Ketledge was recently discussing about what exactly Justice Sotomayor might have said we'd be bound by the Smith case to to rule for your opponent. I think that's right your honor. So we come down to that and I guess that's what I'm asking you then. So that's that's all there is to your case are those words. I think that that is the primary. All of this other stuff I guess what I'm reacting to is all this other stuff which doesn't really add or subtract to it. All we're all we're talking about are those words and whether they change what otherwise would be the law under under Smith regardless of what great deal they had. Your honor I think the the question that this court has to ask is is a two-step question. One does the plea agreement explicitly reference a range or you know even taking what Smith did can it be inferred based on perhaps an offense level in a criminal history category and then if that range can be deduced is the agreement expressly relying upon that range. And this is actually from this court's own case in Riley and that's where that's laid out. No I realize that but but I think that I mean Riley is a post Smith case. This is wrong but we can't say Smith was wrong. We got to say Smith was right. No I understand your honor I'm not trying to say all these other things that might have changed Smith are not here nor there for us for me anyway. I agree completely. So all we have are these words here right but I'm not really I'm not seeing how any of the other argument really changes anything. Well I'm not saying it was a terrific deal and all this stuff. Absolutely your honor. I'm not trying to say Smith is wrong. What I'm trying to say is Smith is distinguishable and does not apply here. But the only distinction are those words right? The distinction is this this court is the words in this provision expressly state what is the basis of this plea agreement and as this court has said we we look not only to first whether the guidelines are expressly referenced or and they be deduced they are I concede that but the second step and the step that is not that was not applicable in Smith but does apply here is that the parties did not expressly rely upon that range. Instead they expressly relied upon the statutory maximum and that is the end of the inquiry. I think I don't that aren't there. I mean you know in fairness I mean and well you're making inferences each of you is let me put it more fairly to each of you each of you is making inferences and they're pretty reasonable on each side you know. But I guess number one I mean they have to deal with expressly based which seems to be perhaps a little more expressed than us having to you know tease this manner we are but on the other hand we have Smith and and we have to give them the defendant the benefit of any ambiguity here. I just getting back to the Smith thing you have to sort of escape from that based on the language Judge Rogers points to. Isn't that task made harder by the fact that the statutory maximum falls right smack in the middle of this defendant's guideline range? Your Honor I think that the fact that the guidelines might have been in fact the statutory maximum provided the cap of the guidelines so I mean I could say that or we could say that the statutory maximum is the top of the guidelines range. Right. But that's not what the parties did here. But his range was wasn't it 110 to 130 months? 137 that's correct Your Honor. Okay. So that made it. So that I mean the stat max happens to fall right in the middle of that. That's the statutory that was the guidelines range if we relied only on that charge which of course is all that he pled to despite the fact that the complaint included a a felon in possession charge. Sure. And that was not included here. Yeah. And that's the problem Your Honor. I mean this is there's no question looking at what happened here that Mr. George was negotiating a 120 and that the government was doing this. But I understand that that Smith and what this court can look at makes this a problem. I mean I fully recognize that and that's why I am obviously trying to hang my hat on this statutory maximum language because I don't have. I mean this is obviously. And it's a reasonable argument. You know if this we were interpreting a statute you know you'd probably have the upper hand here. Right. I recognize that the plea agreements are construed against the government and you know could we have negotiated a 3582 waiver perhaps although why would we ever thought to do that before Freeman came out? I mean this goes back to your point about finality of judgments. We this is a classic charge bargaining and these days things that were charged five ten years ago are no longer I mean Johnson 3582 like there's no finality and it's it's unfortunate. In many ways this is our this could be construed as a breach of the plea agreement even but we're not there. And the question is is this distinguishable such that this court can distinguish Smith and I think that statutory maximum language in 3a it's all I have but I think that does distinguish the two. The case law is very clear this court has not had an opportunity to construe a case like this but other courts have and that Sylvester case I pointed to I know that Mr. George tries to distinguish Sylvester but the third circuit made it very clear you could the guidelines range was to do could be deduced from that. It had the offense it had the criminal history category but they said yes all that may be true but they're not relying on that they're relying on the statutory maximum. It is a two-step inquiry. What was the language in that provision in that case again? I mean the language did it was it more expressed did it have some of the connecting words like because? I don't think it was I don't think I don't think I don't think it's I think it's better for them not as bad it's not as bad as I think their case was was stronger for for as far as distinguishing the two but I think the point I would make here is what if the what if the plea agreement said we've agreed that 120 is the best place within the range because it constitutes the statutory maximum? I think I would lose them I think that would mean that it's based on the guidelines range even though they explicitly mentioned the statutory maximum. I don't think that would save the day frankly I think that and well I know we're splitting hairs here and I appreciate it I think we're splitting hairs and but but we're trying to I mean these are tough cases I mean you know this stuff in the Johnson it's just like is this even law you know? I would love what is expressed it's just sort of you know Rorschach tests that we're applying sorry it's hard it's hard I mean you both have a hard job we have a hard job it's uh it's different from most legal tasks I'll put it that way. Yes your honor like I said with and the problem is this is it comes back to the charge bargaining I mean whether it's a you know we're trying to determine whether armed robbery for example is still a crime of violence uh something that I'm still beating my head over um but this is 10 years after the fact and and what what's unfortunately happening is that it's discouraging prosecutors from doing what we're encouraged to do which make an individualized assessment. We're in a post Ashcroft era where we're not supposed to charge the highest maximum offense and and go the most readily provable but I mean this is a situation where had we done that. I think the prosecution now feels I'm sorry your honor why is it that the prosecution now feels it's incumbent on them to determine what the sentence should be instead of the judge doing in determining the sentence and obviously normally in the past before the sentencing guidelines we thought it was the obligation of the judge to decide what the sentence should be after reading the probation report and all of those things now with the sentencing guidelines we think that or some prosecutors think it's their job to determine what the sentence should be. Your honor I think that it's obviously the court's role to determine that and this was a unique case there are not a lot of judges that take c1c plea agreements to a particular term of imprisonment the eastern district of Michigan pleas are often to a range and then the parties argue within the range this was a case in which had we charged everything Mr. George was looking at 15 years a mandatory minimum where Judge Tarnow would have had no discretion whatsoever and had it been a 924c it would have been I believe even 140 months beyond that or perhaps as much as 327 months and so this was unusual where you know this wasn't an indictment I mean that he was charging a criminal complaint and then he pled to an information three months later where the parties and this was a 46 year old man where had the government charged everything he would have gotten hammered and probably would have died in prison and that's obviously too harsh I mean obviously this could have had a non-c agreement they certainly could have had some prosecutors like to do that some don't I guess and some judges don't even take c agreements absolutely it's always so it's a mess it's a little so if you're talking about you know grand vision of where things went wrong it seems a little strange that if this if the sentencing commission can take a category of cases and reduce the punishment generally speaking and subject to protections and so forth with respect to cases that were pled not under c but have all these restrictions on doing it when it was pled under c I don't know where where the great it's just justice basis for that distinction is really well your honor I think but that's the law all right but it's got an exception to it so the exception just brings it closer to parity with cases where it wasn't a c agreement your honor I think that's right although in the cases where it wasn't a c agreement I'm not so sure that he wouldn't have gotten those additional charges at which point he wouldn't have been eligible I mean this was a situation where he pled to an information so if it hadn't been a c he would have had to go he wouldn't have got the agreement at all correct I mean frankly we wouldn't have known I mean keep in mind that he pled to an information he was charging a complaint three months later he gets an information and he pleads to that like three days later we don't know who the district judge is until the information is filed and so there's negotiation going on in the background because the prosecutor responds to what I'm asking the prosecutor realizes once they they charge hey this guy's going to spend 25 to 30 years in prison that might be too harsh and 15 years that's mandatory minimum it doesn't matter who the judge is I mean whether mandatory minimums that are forcing a lot of this problem well that's that's certainly part of it and there was an issue about wanting to avoid the mandatory minimum here because like I mean as your honor as as noted once you get to a certain age there's less of a chance of recidivism and so like I said this is a 46 year old man and does he need to spend 20 years in prison perhaps not but at the same time he has a lengthy criminal history I mean this is not a situation I mean for us if there was some way the department of justice could just quit charging mandatory minimum crimes well your honor this doesn't work it would be nice but then there's no there's also a problem with consistency and within it determines we get one judge it's one sentence and another judge it's another and that's a problem it shouldn't be the judge you get determines whether you get 20 months or 180 so there's no good answer you get it determines that as well I agree and that's I'm not sure what the right answer is but what I do know is that in this case answer was the old system we had perhaps it was we won't argue that this is all like you to brief that all of us would like to take us back in time but some of us I'll include that and and go as to whether it's a crime but unfortunately we're at this point in time and not at all your honor I think I would just conclude with we don't know when the when the golden age ended you know it's always the day it was 40 years ago or yesterday I remember before I flew you remember okay all right let's let's give your opponent some rebuttal time on whatever he wants to talk about thank you all thank you I'll be brief I wanted to note because Sylvester was brought up that that also is a decision where there was no explicit guideline range it was calculable is what the the court said and justice Sotomayor refers to her inquiry is straightforward I think it really is it's just as straightforward as that if it's used in the agreement and there's no express disavow and uh go back to the district court and do this again what do you think the results gonna be I don't know we're gonna have to ask we'll we'll put forward the good factors negotiate some more no in these cases there usually isn't negotiation as much as presenting the factors about Mr. George and what he's done during incarceration and try to make a case that he deserves the benefit of the has normally pretty light sensor didn't he it depends on the case but yeah the was he the sentencer uh the first time around yeah in this case yeah he was yeah this was his case from the start well um and and I would agree that the government refers to this as saying that the 120 months was the basis for the sentence I wanted to put on the record I disagree with that I think that the way that this is written when it says 120 months and just puts a comma and says the statutory maximum for the offense of possession is is an ambiguous phrase it doesn't make clear that it's based on that that being a statutory maximum rather than it being incorporated into the guidelines that are elsewhere throughout the plea agreement so that we ask for a remand thank you counsel case will be submitted are you going to handle this case if it goes back yes the remaining cases are going to be submitted on the brief so you can go ahead and adjourn the call